```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

RAMON CHARLES GIBSON,

        Plaintiff,

   -v-                                    6:17-cv-6449 (MAT)
                                             **DECISION AND ORDER**

BEVERLY CASIOPIA SMITH,

        Defendant.

## INTRODUCTION

*Pro se* plaintiff Ramon Charles Gibson ("plaintiff" or "Gibson") commenced the instant action on July 10, 2017, alleging that defendant Beverly Casopia Smith ("defendant" or "Smith") knowingly misled him into believing he was the father of her minor child, who was born in 2003, and thereby wrongfully caused him to pay child support, as well as incurring other related expenses. Plaintiff concurrently filed a motion for leave to proceed *in forma pauperis* (Docket No. 2), which the Court denied on August 9, 2017 (Docket No. 3). Plaintiff thereafter paid the filing fee on September 1, 2017.

Plaintiff has subsequently filed four motions that are now pending before the Court. These motions include: (1) a motion to appear telephonically ; (2) a motion to appoint counsel; (3) a motion for service by publication; and (4) a motion to join a party to the case. For the reasons discussed below, each of these motions is denied.

**DISCUSSION**

**I. Motion to Appear Telephonically**

Petitioner's first motion (Docket No. 4) is a request to appear telephonically and/or electronically. However, there are no court appearances currently scheduled in this case, and so plaintiff's motion is moot. Plaintiff's motion is therefore denied without prejudice to refiling if and when a court appearance is scheduled.

**II. Motion for Appointment of Counsel**

Petitioner's second motion (Docket No. 5) requests appointment of counsel. Petitioner contends that he cannot afford an attorney, and asks the Court to provide him with one.

Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent a litigant who is unable to afford counsel. *See Sears, Roebuck & Co. v. Charles Sears Real Estate, Inc.*, 865 F.2d 22, 23-24 (2d Cir. 1988). It is ultimately within the Court's discretion whether to assign *pro bono* counsel. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). "There is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters. . . ." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994).

In making its determination, the Court must consider "the merits of [the] plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the

availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim." *Id.* (quoting *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986))). This is because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Id.*

In this case, the Court has reviewed plaintiff's complaint and motion and finds that appointment of counsel is not warranted at this time. As a threshold matter, plaintiff has not submitted evidence to the Court demonstrating that he is indigent. As the Court noted in its denial of plaintiff's motion for *in forma pauperis* status, the financial information submitted by plaintiff was incomplete and failed to provide the Court with a full picture of plaintiff's financial status. Plaintiff's most recent filing fails to remedy these deficiencies.

Moreover, the Court does not believe plaintiff has a particularly substantial likelihood of success on his claims. A significant portion of plaintiff's claims are clearly insufficient as a matter of law. For example, petitioner has alleged a number of constitutional violations, despite the fact that defendant is a private individual and not a state actor. Plaintiff has further attempted to state claims based on a number of federal criminal

statutes, but it is well-established that criminal statutes generally do not provide private causes of action. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). Moreover, this case in the very earliest stages and, based on his submissions thus far, plaintiff appears to have the intelligence and resourcefulness necessary to litigate on his own behalf. Accordingly, the Court determines that appointment of counsel is not warranted at this juncture and denies plaintiff's motion without prejudice to renewal at a later stage of the proceedings.

**III. Motion for Service by Publication**

Plaintiff's third motion (Docket No. 7) requests permission to serve defendant by publication. In support of this motion, plaintiff alleges the following: (1) defendant has an unstable living situation, including sometimes living in her car; (2) the Monroe County Sheriff's Office has attempted to serve defendant, but has been unable to do so; and (3) plaintiff tried to serve defendant at her mother's house, but her mother refused service, claiming that defendant had not lived there in eight years. Plaintiff has submitted an Affidavit of Attempted Service completed by the Monroe County Sheriff's Office documenting that office's attempts to serve defendant and confirming that defendant's mother refused service.

"To submit a party to the jurisdiction of a court, due process has long been held to require the giving of notice in such a manner that there can be little doubt that the party has actual notice of

the claims in order to appear and defend." *S.E.C. v. Tome*, 833 F.2d 1086, 1092 (2d Cir. 1987). Pursuant to Federal Rule of Civil Procedure ("FRCP") 4(e), what constitutes acceptable service upon an individual located in the United States is determined by reference to state law. "In New York State, service may be effected "in such manner as the court, upon motion without notice directs, if service is impracticable under paragraphs one [personal service], two [leave and mail service] and four [nail and mail service] of this section." *S.E.C. v. HGI, Inc.*, 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999) (quoting New York Civil Practice Law and Rules ("CPLR") § 308(5). "The meaning of 'impracticability' depends upon the facts and circumstances of the particular case." *Id.*

Here, plaintiff seeks leave to serve defendant by publication. "Service by publication may be permissible when service is otherwise impossible and when it is reasonable to conclude that the defendant is likely to read the newspaper in which the notice is published, particularly when the defendant is otherwise on notice that there may be a case pending against him." *Javier H. v. Garcia-Botello*, 217 F.R.D. 308, 309 (W.D.N.Y. 2003) (internal quotation omitted).

Based on the facts provided by plaintiff, the Court is unable to conclude at this time that service by publication is appropriate. In particular, the Court notes that plaintiff has not identified affirmative steps he has taken to discover defendant's

address, such as inquiring at the United States Postal Service or searching computerized databases, nor has he proposed a newspaper in which service by publication could be made, such that the Court could assess the likelihood that defendant would read that newspaper. Plaintiff also has not provided the Court with information regarding whether defendant has an "actual place of business" within the State of New York where she could be served pursuant to CPLR §§ 308(2) or (3). Finally, the Court cannot conclude that defendant is otherwise on notice that a case may be pending against her, inasmuch as her mother apparently told the Monroe County Sheriff's Office that she has very limited contact with her daughter.

Accordingly, plaintiff's motion for service by publication is denied without prejudice. If plaintiff still wishes to seek service by publication, plaintiff may submit to the Court a motion with additional information regarding the issues identified above.

The Court further notes that, pursuant to FRCP 4(m), plaintiff had 90 days after filing of the complaint in which to serve defendant. The time while plaintiff's petition for *in forma pauperis* status was pending is excluded from this time period, *see Sidney v. Wilson*, 228 F.R.D. 517, 523 (S.D.N.Y. 2005), and so plaintiff's time for service expired on November 7, 2017. However, the Court finds that, particularly in light of plaintiff's *pro se* status and his efforts to effect service, there is good cause to extend plaintiff's time for service. Accordingly, pursuant to FRCP

4(m), the Court *sua sponte* extends plaintiff's time to serve defendant to January 8, 2018.

**IV. Motion to Join a Party**

Plaintiff's final motion (Docket No. 8) requests leave to join the Monroe County Department of Human Services (the "MCDHS") as a party to this action. This motion is denied with prejudice. FRCP 17(b) provides that the capacity of a county department such as the MCDHS to sue or be sue is determined with reference to New York State law. "Under New York law, departments which are merely administrative arms of a municipality have no separate legal identity apart from the municipality and therefore cannot sue or be sued." *S.W. by J.W. v. Warren*, 528 F. Supp. 2d 282, 302 (S.D.N.Y. 2007) (dismissing claims against Orange County Department of Health); *see also McKenzie v. Cty. of Erie*, 2013 WL 5348084, at *2 (W.D.N.Y. Sept. 23, 2013) (dismissing claims against various departments of Erie County on same basis). As such, there is no legal theory under which plaintiff can sue the MCDHS, and it would be futile for the Court to permit him to join the MCDHS as a party.

**CONCLUSION**

For the reasons discussed above, plaintiff's motion to appear telephonically, his motion for appointment of counsel, and his motion to provide service by publication (Docket Nos. 4, 5, and 7) are denied without prejudice. Plaintiff's motion to join the MCDHS as a party (Docket No. 8) is denied with prejudice. The Court *sua*

*sponte* extends plaintiff's time to serve defendant to January 8, 2018.

**ALL OF THE ABOVE IS SO ORDERED.**

s/ Michael A. Telesca<br>
MICHAEL A. TELESCA<br>
United States District Judge

Dated:   November 22, 2017
         Rochester, New York