```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

RAMON CHARLES GIBSON,

       Plaintiff,

  -v-                                          6:17-cv-6449 (MAT)
                                                **DECISION AND ORDER**

BEVERLY CASIOPIA SMITH,

       Defendant.

## **DISCUSSION**

*Pro se* plaintiff Ramon Charles Gibson ("Plaintiff") commenced the instant action on July 10, 2017, alleging that defendant Beverly Casiopia Smith ("Defendant") knowingly and fraudulently misled him into believing he was the father of her minor child, who was born in 2003, and thereby wrongfully caused him to pay child support, as well as incurring other related expenses. Plaintiff concurrently filed a motion for leave to proceed *in forma pauperis* (Docket No. 2), which the Court denied on August 9, 2017 (Docket No. 3). Plaintiff thereafter paid the filing fee on September 1, 2017.

On November 6, 2017, Plaintiff filed a motion requesting permission to serve Defendant by publication. Docket No. 7. Plaintiff indicated in his motion that due

to Defendant's "instability concerning her living arrangements," he had been unable to effectuate service. *Id*. at 5. On November 22, 2017, the Court issued a Decision and Order denying Plaintiff's request to serve Defendant by publication. Docket No. 9. The Court explained that, in order for service by publication to be permissible, the Court would have to conclude both that service was otherwise impossible and that Defendant was likely to read the newspaper in which the notice was published. *Id*. at 5. The Court further explained that Plaintiff had not identified any affirmative steps he had taken to discover Defendant's address "such as inquiring at the United States Postal Service or searching computerized databases," and that he had not "proposed a newspaper in which service by publication could be made, such that the Court could assess the likelihood that defendant would read that newspaper." *Id*. at 5-6. The Court denied Plaintiff's motion without prejudice, stating that "[i]f plaintiff still wishes to seek service by publication, plaintiff may submit to the Court a motion with additional information regarding the issues

identified above." *Id*. at 6. The Court *sua sponte* extended Plaintiff's time to serve Defendant to January 9, 2018. *Id*. at 7-8.

Plaintiff did not file an additional motion for service by publication. However, on December 11, 2017, he filed a motion for an extension of time for service, asking that the Court extend the deadline for service to March 8, 2018. Docket No. 10. The Court granted this motion on December 27, 2017. Docket No. 12.

Plaintiff has now filed another motion for an extension of time for service. Docket No. 14. Plaintiff further asks this Court to "compel[] the [Monroe County] Department of Human Services to provide a current address for the defendant." *Id*. at 1.

To the extent that Plaintiff asks this Court to determine Defendant's current address, Plaintiff is not entitled to such relief. "It is the responsibility of the plaintiff . . . to provide a current address at which service may be effected on each defendant." *Lewis v. Maldonado*, No. 3:14-CV-437 MPS, 2015 WL 2016174, at *1 (D. Conn. May 1, 2015); *see also Hunter v. Hill*, No.

04CV920SC, 2009 WL 483154, at *2 (W.D.N.Y. Feb. 25, 2009) ("[I]t is not the responsibility of the [Court] . . . to provide plaintiffs with the names and addresses of the defendants which they sue."). This Court has thousands of cases pending before it, and simply does not have the resources to track down parties' addresses for the benefit of the other parties.

The Court also finds that a further extension of Plaintiff's time to serve Defendant is not appropriate. The Court is cognizant that Plaintiff is proceeding *pro se* and has attempted to accommodate Plaintiff's representation that he is unable to locate Defendant. In its November 22, 2017 Decision and Order (Docket No. 9), the Court identified various ways in which Plaintiff could attempt to ascertain Defendant's address, including by searching computerized databases and by inquiring at the United States Postal Service. The Court further explained what information it would need from Plaintiff to order service by publication. The Court has also granted Plaintiff multiple extensions of his time to serve. However, even where there is "good cause" for a

plaintiff's inability to locate a defendant, the Court cannot extend the time for service indefinitely so as to "render[ ] [Federal] Rule [of Civil Procedure] 4(m) a toothless tiger." *Jordan v. Soyer*, No. 97 CIV. 5345 (JSR), 1998 WL 460207, at \*1 (S.D.N.Y. July 28, 1998) (internal quotation omitted).

Plaintiff has been given **eight months** to effectuate service on Defendant. Moreover, Plaintiff's latest filing does not indicate that he followed through on the methods identified by the Court in its November 22, 2017 Decision and Order in attempting to locate an address for Defendant. Plaintiff also did not file a renewed, properly supported motion for service by publication, despite the fact that the Court clearly informed him of what information would need to be included in such a motion. Under these circumstances, the Court finds that the interests of justice would not be served by granting Plaintiff's pending motion for another extension of time. *See Jordan*, 1998 WL 460207 at \*1 (although the Court was "mindful that incarcerated *pro se* litigants such as plaintiff face significant obstacles and must be given

every consideration," dismissal was appropriate under Federal Rule of Civil Procedure 4(m) because "plaintiff's time to serve has already been extended on several occasions for more than an appropriate period") (internal quotation omitted); *see also Terry v. Vill. of Ossining*, No. 12 CIV. 5855 ER, 2013 WL 5952834, at *3 (S.D.N.Y. Nov. 5, 2013) ("Where a pro se plaintiff has failed to effectuate timely service, courts have typically held that dismissal without prejudice is appropriate."). Accordingly, Plaintiff's request for additional time to effectuate service is denied. Moreover, because Plaintiff has failed to timely serve Defendant, the Court finds that dismissal without prejudice is warranted under Federal Rule of Civil Procedure 4(m).

## **CONCLUSION**

For the reasons set forth above, Plaintiff's motion to extend the time for service of the complaint and to compel the Monroe County Department of Human Services to provide an address for Defendant (Docket No. 14) is denied. Plaintiff's complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure

4(m). The Clerk of the Court is directed to close the case.

**ALL OF THE ABOVE IS SO ORDERED.**

s/ Michael A. Telesca
MICHAEL A. TELESCA
United States District Judge

Dated:   March 19, 2017
         Rochester, New York